Exhibit A

*RECIVED 6-15-15*
*TAPED TO FRONT DOOR*

Date of Filing:

Index #: 15-1639

Plaintiff designates
Ulster County
as the place of trial.

The basis of venue is the
Plaintiff's residence address.

Plaintiff resides at 9 Calvin
Drive, Marlboro, NY 12542

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ULSTER
-----------------------------------------------------------------X
ROBERT E. DODD,

                             Plaintiff,         **SUMMONS**

   -against-

UNITED PARCEL SERVICE, INC.,
UPS GROUND FREIGHT, INC. and
ANTHONY R. PERRY,

                             Defendants.
-----------------------------------------------------------------X

FILED
10 H 19 M
MAY 2 0 2015
NINA POSTUPACK
ULSTER COUNTY CLERK

To the above-named defendant(s):

      YOU ARE HEREBY SUMMONED, to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the plaintiff's attorneys within - 20 - days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

                                            SOBO & SOBO, LLP

                                            MARC SCHAUER, ESQ.
                                            Attorneys for Plaintiff
                                            One Dolson Avenue
                                            Middletown, NY 10940
                                            (845) 343-0466

Dated: April 22, 2015
          Middletown, New York

Defendants' addresses: See Complaint

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ULSTER
----------------------------------------------------------------X
ROBERT E. DODD,

                    Plaintiff,          **VERIFIED COMPLAINT**

    -against-

                                         Index No.: 15-1639

UNITED PARCEL SERVICE, INC.,
UPS GROUND FREIGHT, INC. and
ANTHONY R. PERRY,

                    Defendants.
----------------------------------------------------------------X

      Plaintiff, ROBERT E. DODD, by his attorneys, SOBO & SOBO, L.L.P., as and for the Verified Complaint, herein alleges the following:

    1.    That at all times hereinafter mentioned, the plaintiff, ROBERT E. DODD, was and still is a resident of the County of Ulster, State of New York.

    2.    That at all times hereinafter mentioned, upon information and belief, the defendant, UNITED PARCEL SERVICE, INC., was and still is a domestic corporation organized and existing under and by virtue of the Laws of the State of New York.

    3.    That at all times hereinafter mentioned, upon information and belief, the defendant, UNITED PARCEL SERVICE, INC., was and still is a foreign corporation duly authorized to do business within the State of New York.

    4.    That at all times hereinafter mentioned, upon information and belief, the defendant, UNITED PARCEL SERVICE, INC., was and still is a business entity doing business within the State of New York.

    5.    That at all times hereinafter mentioned, upon information and belief, the

defendant, UPS GROUND FREIGHT, INC., was and still is a domestic corporation organized and existing under and by virtue of the Laws of the State of New York.

6. That at all times hereinafter mentioned, upon information and belief, the defendant, UPS GROUND FREIGHT, INC., was and still is a foreign corporation duly authorized to do business within the State of New York.

7. That at all times hereinafter mentioned, upon information and belief, the defendant, UPS GROUND FREIGHT, INC., was and still is a business entity doing business within the State of New York.

8. That at all times hereinafter mentioned, upon information and belief, the defendant, ANTHONY R. PERRY, was and still is a resident of the Town of Buxton, County of York, State of Maine.

9. That at all times hereinafter mentioned, upon information and belief, the defendant, UPS GROUND FREIGHT, INC., was the titled owner of a 2009 Volvo Tractor Trailer motor vehicle, bearing License Plate #1075421, for the State of Indiana.

10. That at all times hereinafter mentioned, upon information and belief, the defendant, UPS GROUND FREIGHT, INC., was the registered owner of a motor vehicle, bearing License Plate #1075421, for the State of Indiana.

11. That at all times hereinafter mentioned, upon information and belief, the defendant, UNITED PARCEL SERVICE, INC., was the titled owner of a 2009 Volvo Tractor Trailer motor vehicle, bearing License Plate #1075421, for the State of Indiana.

12. That at all times hereinafter mentioned, upon information and belief, the defendant, UNITED PARCEL SERVICE, INC., was the registered owner of a motor vehicle, bearing License Plate #1075421, for the State of Indiana.

13. That at all times hereinafter mentioned, upon information and belief, the defendant, ANTHONY R. PERRY, was the operator of the aforesaid motor vehicle, bearing License Plate #1075421, for the State of Indiana.

14. That all times hereinafter mentioned, the defendant, ANTHONY R. PERRY, was employed by defendant, UNITED PARCEL SERVICE, INC., and was in the course of employment.

15. That all times hereinafter mentioned, the defendant, ANTHONY R. PERRY, was employed by defendant, UPS GROUND FREIGHT, INC., and was in the course of employment.

16. That at all times hereinafter mentioned, this defendant operated the aforementioned motor vehicle with the express and/or implied permission, consent and knowledge of the aforesaid defendant owner.

17. That at all times hereinafter mentioned, the plaintiff, ROBERT E. DODD, was the owner and operator of a 2000 Dodge motor vehicle, bearing License Plate #CTC9387.

18. That at all times hereinafter mentioned, Neelytown Road, a half mile west of State Route 208, located in the Town of Montgomery, County of Orange, State of New York, was and still is a public highway and thoroughfare and was the situs of the accident herein.

19. That on or about the 28th day of March, 2014, the aforementioned motor vehicles were in contact with each other.

20. The contact and injuries alleged herein were caused by the negligent, wanton, reckless and careless acts of the defendants herein.

21. That the defendants were negligent, wanton, reckless and careless in allowing, causing and/or permitting the motor vehicle owned and operated by said defendants herein to come into contact with the plaintiff's motor vehicle; in failing to take those steps necessary to avoid the contingency which herein occurred; in breaching a duty to other motorists to operate the motor vehicle in a safe manner; in failing to keep the motor vehicle under proper control; in failing to operate the motor vehicle in a manner and at a speed that was reasonable and proper under the prevailing traffic conditions; in failing to properly keep and maintain the motor vehicle so as to prevent the contingency which herein occurred; in failing to properly operate the braking and acceleration devices of the motor vehicle under the circumstances of the roadway where the accident occurred; in failing to keep a proper lookout; in failing to stop and/or slow down; in violating the rules of the road; in failing to obey one or more traffic control device(s); in negligently hiring; in hiring inept, inadequate, dangerous and/or incompetent employees; in failing to properly train employees; in failing to observe that degree of caution, prudence and care which was reasonable and proper under the controlling circumstances; in acting with reckless disregard for the safety of others; in failing to keep alert and attentive; and the defendants were in other ways negligent, wanton, reckless and careless.

22. That the defendants, and each of them, are liable to the plaintiff upon the doctrine of res ipsa loquitur.

23. The limited liability provisions of CPLR §1601 do not apply pursuant to the exceptions of CPLR §1602 (6) and (7).

24. That by reason of the foregoing, the plaintiff was caused to sustain severe and serious personal injuries to his mind and body, some of which, upon information and belief, are permanent with permanent effects of pain, disability, disfigurement and loss of body function. Further, this plaintiff was caused to expend and become obligated for diverse sums of money for the purpose of obtaining medical care and/or cure in an effort to alleviate the suffering and ills sustained as a result of this accident; this plaintiff further was caused to lose substantial periods of time from his normal vocation, and upon information and belief, may continue in that way into the future and suffer similar losses.

Furthermore, this plaintiff sustained a serious injury, as defined in the Insurance Law Section 5102(d) for the State of New York.

25. That by reason of the foregoing, this plaintiff has been damaged in a sum that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction of this matter.

WHEREFORE, plaintiff demands judgment against the defendants, and each of them, as follows:

A sum that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction in this matter, together with the costs and disbursements of this action.

DATED: Wednesday, April 22, 2015
Middletown, New York

MARC SCHAUER, ESQ.
SOBO & SOBO, LLP
Attorneys for Plaintiff
One Dolson Avenue
Middletown, NY 10940
(845) 343-0466

TO: UNITED PARCEL SERVICE, INC.
C/O Secretary of State
Albany, New York

UPS GROUND FREIGHT, INC.
C/O Secretary of State
Albany, New York

ANTHONY R. PERRY
18 Lindy Lane
Buxton, ME 04093

DATED: Wednesday, April 22, 2015
       Middletown, New York

                                        MARC SCHAUER, ESQ.
                                        SOBO & SOBO, LLP
                                        Attorneys for Plaintiff
                                        One Dolson Avenue
                                        Middletown, NY 10940
                                        (845) 343-0466

TO:   UNITED PARCEL SERVICE, INC.
       C/O Secretary of State
       Albany, New York

       UPS GROUND FREIGHT, INC.
       C/O Secretary of State
       Albany, New York

       ANTHONY R. PERRY
       18 Lindy Lane
       Buxton, ME 04093

# VERIFICATION

STATE OF NEW YORK, COUNTY OF ORANGE ss:

ROBERT E. DODD, being duly sworn says; I am the plaintiff in the action herein; I have read the annexed Verified Complaint, know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters I believe them to be true.

_____
ROBERT E. DODD

Sworn to before me on this
April 24, 2015

_____
NOTARY PUBLIC

MARK J. VARBLE
Notary Public, State of New York
Qualified in Orange County
No. 01VA63312139
Commission Expires 09/22/20___